## COUNTY OF BRISTOL, SEPTEMBER TERM, 1868, AT BRISTOL.

PRESENT :

Hon. GEORGE A. BRAYTON, CHIEF JUSTICE.
Hon. THOMAS DURFEE, } JUSTICES.
Hon. ELISHA R. POTTER, }

---

BENJAMIN N. BOSWORTH, *v.* CHARLES SMITH and others, Executors.

In § 29, chap. 156, of the Revised Statutes, which provides that "every executor or administrator shall, as soon as may be after his appointment, give notice thereof, by publishing the same in some public newspaper in this State, nearest the place in which the deceased person last dwelt," the words, "as soon as may be after his appointment," are directory merely, and a disregard of them will not have the effect to make such notice invalid, because not given as soon as may be. Hence, it follows, that a delay in giving the notice required by said section of the statute, only postpones the commencement of the period of limitation of suits against executors and administrators, prescribed by chap. 171, § 8 and chap. 177, § 9, of the Revised Statutes, and the three years within which such suits must be brought, are to be computed from the time of giving such notice.

Bosworth *v.* Smith and others, executors.

Where a testator provided, by his will, that in the division of his personal estate certain liabilities against it should be adjusted and allowed, *whether barred by the statute of limitations or otherwise,* and that certain amounts due his estate should be treated as advances in respect of certain of his legatees or devisees, and be deducted as such from their shares or proportions ; *held,* that his executors were not precluded, by such provision, from pleading the statute of limitation of suits against executors and administrators, in bar of a suit on a note, which was one of the liabilities to be so adjusted and allowed.

ASSUMPSIT against the defendants, as executors of the last will and testament of Joseph Smith, late of Warren, deceased, to recover the amount of a promissory note for one thousand dollars and interest, made by Charles Smith and others, dated January 16th, 1853, the payment of which, said Joseph Smith, in his lifetime, guaranteed, and also to recover the amount of a promissory note for one thousand dollars and interest, made by the said Joseph Smith on the 14th day of January, 1853.

To the plaintiff's declaration, the defendants pleaded as follows :—

First. "And the said defendants come and defend, &c., and say that the plaintiff ought not to have and maintain his aforesaid action against them, because they say that heretofore, to wit, on the 4th day of November A. D. 1854, at said Warren, they were duly appointed by the Court of Probate of said Warren, executors of the last will and testament of said Joseph · Smith, which had then and there been duly proved by said Court of Probate, and then and there accepted that trust, and afterwards and more than three years next before the commencement of this suit, to wit, on the 18th day of November A. D. 1854, they gave notice of their appointment, by publishing the same in a public newspaper in this State, nearest to the place in which said Joseph Smith last dwelt, to wit, in the *Northern Star,* a public newspaper, printed and published in said Warren, and that no other notice was by said Probate Court required to be given. And this they are ready to verify," etc.

Second. "And for a further plea," etc., "that the said several causes of action or either of them did not accrue to the said plaintiff within six years next before the commencement of the action aforesaid."

Third. " And for a further plea," etc., " that at any time within six years next before the commencement of said action, the defendants' testator, said Joseph Smith, never promised in manner and form as the plaintiff hath herein declared."

Fourth. The general issue.

To these pleas the plaintiff filed the following replications :—

First. " The said plaintiff, as to the plea of the said defendants by them first above pleaded says *precludi non*, because he says the said defendants did not give due notice of their appointment as executors as aforesaid, as soon as might be, as the law requires."

Second. " And for a further replication to the said first plea," etc., "*precludi non*, because he says that in and by the ninth clause of the will of defendant's testator, duly proved," etc., " the testator directs the payment of all debts and claims, against his estate, however occurring, and whether barred by the statute of limitations or otherwise, and that the said defendants are bound thereby, and ought not to be permitted to plead any bar thereto.".

Fifth. " And for a further replication to the said second and third pleas of the defendants, the said plaintiff says *precludi non*, because he says, that in and by the ninth clause of the last will of defendant's testator, duly proved by the Court of Probate of Warren in the County of Bristol and hereto annexed as a part hereof, the testator directed that all debts, dues, demands and claims against his estate, of every nature, whether barred by the statute of limitations or otherwise, should be paid out of his estate, and that the said executors are bound thereby."

To all these replications the defendants demurred generally.

The third and fourth replications traversed the allegations of the second and third pleas. The ninth clause of the will of Joseph Smith, to which the plaintiff refers in his fifth replication, is set out in full in the opinion of the Court.

*James Tillinghast, for the defendants* :—

I. First replication to first plea is bad. 1st. It in no way answers the averments of the plea either by admission, denial, confession and avoidance or otherwise, 1 Chitty Plead. (Ed.

1S59,) 578 ; *United States* v. *Buford*, 3 *Peters*, 31. 2nd. The averment of the replication that the defendants " did not give *due* notice of their appointment as executors, as aforesaid, as soon as might be, as the law requires," is no sufficient traverse of the specific facts averred in the plea—nor is any sufficient averment upon which to frame an issue. 1 Chitty Plead. (Ed. 1859,) 236 and notes, 3rd. The statute does not require notice " as soon as might be." The plea avers a definite notice. The replication should have put this in issue, either by demurrer or by a direct traverse.

II. The second replication to the first plea, and to second and third pleas, is bad. 1st. The first plea sets up the special statute bar, which the executors—*a fortiori* the testator—may not waive. Angell on Limitations, (Ed 1846,) 167, and cases cited ; *New Eng. Com. Bank* v. *Newport Steam Factory*, 6, R. I. 154. 2d. The clause in the will referred to has no reference whatever to the creditors of the estate—but relates merely to the division of estate among the family and to regulate the advancement. 3rd. Even if it had, more than six years has elapsed since the decease of the testator and probate of the will.

*Hart, for the plaintiff:—*

The defendants, by their first plea, set out, that they gave a certain notice, more than three years before commencement of the action, of their appointment as executors. The first replication to that plea is, that they did not give notice " as soon as may be," as the statute requires. See Revised Statutes, chap. 156, sec. 29 ; Revised Statutes, chap. 161, sec. 9 ; Revised Statutes, chap. 177, sec. 8. This is a good replication, upon which the defendants should have joined issue, if they intended to maintain that the particular notice set out in the plea was a compliance with the statute.

The second replication to that plea, and plaintiff's second replication to defendant's second and third pleas, set up the provision of the testator's will, as a reply to any statute limitation of any kind in any manner pleaded.

It was perfectly competent for the testator to provide in his will, as he has done, that all his debts should be paid, whether

barred by the statute of limitations or otherwise; and the replications are therefore good.

DURFEE J.   The defendants plead, in bar of the plaintiff's action, the three years' limitation provided in favor of executors and administrators.   The plaintiff replies :   " *Precludi non*, because he says that said defendants did not give due notice of their appointment as executors as aforesaid, as soon as might be, as the law requires."   To this replication the defendants demur.

There are two sections of the Revised Statutes which provide for the limitation of actions against executors and administrators. By section 9, chap. 177, it is provided that no action " shall be brought against any executor or administrator in his said capacity, unless the same shall be commenced within three years next after the will shall be proved or administration shall be granted : *Provided*, such executor or administrator shall give notice of his appointment, by publishing the same in some public newspaper in this State, nearest to the place in which the deceased person last dwelt, and in such manner as the Court of Probate shall direct ; said periods to be reckoned from the time of giving such notice."

The plaintiff suggests no reason to show that his action would not be barred by this section, if it were the only provision upon the subject.

But by section 8, chap. 161, it is provided, that no action shall be brought against any executor or administrator in his capacity after three years from the probate of the will or the grant of administration, except for certain causes, " provided notice of his appointment be given according to law ; said periods to be reckoned from the time of giving such notice."

By section 29, chap. 156 of the Revised Statutes, it is provided that " every executor and administrator shall, as soon as may be, after his appointment, give notice thereof by publishing the same in some public newspaper in this state, nearest the place in which the deceased person last dwelt, and in such other manner as the court of probate may direct."

The counsel for the plaintiffs contends, that the words of

this section, " as soon as may be after his appointment," are mandatory, and that the notice given by the defendants, not having been given as soon as might be, was not " given according to law," and that consequently the defendants are not protected by the limitation provided in respect to actions against executors and administrators.

We think the words " as soon as may be after his appointment," in section 29, chap. 156, are directory, and that a disregard of them, whatever other effect it may have, will not have the effect to make the notice, not given as soon as may be, invalid. This view is supported by both the sections providing for the three years limitation, for in both of them it is provided that the period shall be reckoned from the time of giving the notice, plainly indicating that the delay in giving the notice was to have no other effect, in this regard, than to postpone the commencement of the period.

It will also be observed that the proviso in section 9, of chap. 177, in regard to notice, follows almost *verbatim* the language of section 29, of chap. 156, with the omission of the words " as soon as may be after his appointment." We suppose the omission was not undesigned ; but that the words were purposely left out, because it was not intended that estates should entirely lose the benefit of the statute by anything short of a total neglect on the part of executors or administrators to comply with them. The words were doubtless inserted in section 29, of chap. 156, for the benefit of estates ; and they were doubtless omitted in the proviso to section 9, of chap. 177, because if there repeated they would be a serious and gratuitous detriment to estates, and at the same time a benefit to creditors which, we can see no reason for extending to them.

If this be the correct view in regard to section 9, of chap. 177 ; section 8, of chap. 161, should not unnecessarily receive a different construction. In order to harmonize the two sections, we have simply to construe the proviso of the latter, that notice shall "be given according to law," to refer not to the time, but to the mode of giving the notice. And this we think is a reasonable construction. We are therefore of the opinion that

the demurrer to the plaintiff's first replication must be sustained.

The plaintiff further replies, in substance, that the defendants are precluded from pleading the bar of the three years limitation by the ninth clause of the will of their testator. To this replication the defendants demur.

The ninth clause is in the following words:—" Ninth, nevertheless it is my will and direction that all the debts, dues and demands, notes and accounts, all liabilities by indorsements or guaranty, and all responsibilities which may exist or be in force against my estate, which have been or may be incurred in consequence of any transaction between me and the late William Carr, Jr., or his widow, Temperance Carr, or her son, William Carr, Nathaniel P. Smith, and the firm of Burr & Smith, James M. Eddy and Theodore Andrews, under the name of Andrews & Eddy, my deceased son, Joseph Smith, and his widow and children, my son, Charles Smith, and the firm of Smith, Day & Eddy, or in any other connection, whether barred by the statute of limitation or otherwise, are all to be adjusted and allowed in the division of my personal property and estate, at such settlement, and whatever amount may be due to my estate from either of said individuals or concerns, shall be considered as an advance to the children or husband of the child or children belonging to such concern, or the children of the deceased child, as the case may be, and such amount shall be deducted from the distributive share of such child's or grandchild's proportion of my personal property or estate."

The testator, by the seventh clause of the will, had devised and bequeathed the residue of his estate, real and personal, to children and grand-children named, in certain proportions ; by the eighth clause, he had directed that particular parcels of real estate should go towards said proportions, or some of them, according to specified valuations ; and in this clause he directs that, in the division of his personal estate, the liabilities to which he refers shall be adjusted and allowed, whether barred by the statute of limitations or otherwise, and that certain amounts due his estate shall be treated as advances, in respect

of certain of his legatees or devisees, and be deducted as such from their shares or proportions.

The note in suit is one of the liabilities which were to be ad-justed and allowed under the ninth clause, and the question is, whether the defendants are not precluded by that clause from pleading the bar of the three years limitation.

The direction in the ninth clause is, that the liabilities, whether barred by the statute of limitations or otherwise, shall be—not paid, but—adjusted and allowed in the division of the personal property; and it is only by implication, if at all, that the clause can be held to direct that they shall be paid, except in so far as the division in the manner directed would operate as payment. We think there is not enough in the clause to warrant such an implication. The statute, limiting actions against executors and administrators, was enacted to promote a beneficent end, the speedy settlement of estates; and, sup-posing it to be within the power of a testator to waive the statute in favor of his creditors, we should be slow to infer such a waiver from expressions which may have been used without intending it. Evidently the primary purpose of the clause, under consideration, was to establish a rule or principle to be observed in the division of the residue of the personal property. In that division, no liability was to be disallowed because barred in the manner described; the purpose probably being to avoid any undesigned inequality which might otherwise ensue as between the parties to the division. There would, in our opinion, be no reason to suppose the testator intended to have the direction applied, otherwise than in the division. Of such liabilities it may be asked,—why should he direct them to be allowed except for the purpose of having them paid. Of course we cannot certainly know what was in his mind. We do not even know that there were any such liabili-ties which would be at all likely to remain unpaid at the time of the division. If there were such, it is conceivable that he may not have had any distinct purpose in regard to them, his mind being otherwise occupied. Indeed, it is improbable, if the matter were a subject of distinct conception with him, and if

he had intended to have had all his liabilities indiscriminately paid, whether barred by the statute of limitations or otherwise, that he should not have said so with explicitness; instead of leaving his intention, in a matter of so much possible moment both to his estate and and creditors, to be obscurely inferred from the generality of an expression, used in a clause which, as is apparent from its scope and connection with other clauses, was framed for quite another purpose. We therefore think that the defendants are not precluded by the ninth clause of their testator's will from pleading in bar of the plaintiff's action, the statute limiting actions against executors and administrators, and that the demurrer of the defendants to the plaintiff's second replication to the plea of that statute, must be sustained.

For the same or similar reasons, we sustain the demurrer to the second replication to the pleas of the statute of limitations.

Indeed, we may say, in conclusion, that we deem it doubtful if the phrase, "whether barred by the statute of limitations or otherwise," covers anything except the statute of limitations. The phrase may mean, as in the discussion of the case it has been considered to mean, whether barred by the statute of limtations or barred otherwise, and it may mean whether barred or otherwise, (that is, whether barred or not barred,) by the statute of limitations. If the phrase had been "whether out lawed or otherwise," it would have been taken to mean whether outlawed or not outlawed.

*Demurrers sustained.*